CHIEF JUSTICE McGRATH,
specially concurring.
¶105 While I concur with the majority opinion, I also agree with the suggestions in Justice Nelson’s dissent regarding the bifurcation of jury trials involving punitive damages claims. As noted, the Court has now twice concluded that it is appropriate to exclude evidence relevant to punitive damages from consideration by the jury deciding liability and compensatory damages.
¶106 Punitive damage claims involve special issues, but liability for punitive damages must be determined by the same trier of fact. Section 27-1-221(6), MCA. Clearly the evidence of testing results excluded in the court below, like the evidence of negotiations with DEQ excluded in Sunburst, should be heard by the jury deciding punitive damages to ensure fairness to a party defending allegations of actual fraud or malice.
¶107 Montana law provides for a bifurcated process for jurors to assess the amount of punitive damages. Section 27-1-221(7), MCA. In the future, trial courts should consider bifurcating liability issues from punitive damages issues. In situations involving similar conflicting evidence, it may be appropriate for the jury to address all of the issues regarding punitive damages following the trial on liability.
¶108 Trying these issues to the same jury panel will not necessarily lead to confusion or cast an undue burden on the district court or the jury. Appropriate instructions can be fashioned to address these concerns. Our courts have a history of using innovative techniques to assure fair trials in special situations. See e.g. State v. Jenkins, 285 Mont. 131, 948 P.2d 204 (1997) and State v. Lawrence, 285 Mont. 140, 948 P.2d 186 (1997) (criminal charges tried against two individuals simultaneously to two juries).
¶109 Trial courts should consider innovative solutions in cases like the one at bar to provide a fair trial to all parties.